IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

JOHN DOE,
    Plaintiff,

v.                                               Civil No. 3:25cv118 (DJN)

VILLAGE CAPITAL & INVESTMENT LLC,
    Defendant.

**<u>ORDER</u>**
**(Denying Motion to Proceed Under a Pseudonym)**

This matter comes before the Court on *pro se* Plaintiff's Motion to Proceed Under a Pseudonym ("Motion") (ECF No. 1) and his accompanying memorandum in support of his Motion (ECF No. 3). For the reasons set forth below, the Court hereby DENIES Plaintiff's Motion (ECF No. 1). <u>No later than March 7, 2025</u>, Plaintiff must file a Second Amended Complaint, including the names of himself and all other parties in the title of the complaint, if he wishes to proceed with this action. *See* Fed. R. Civ. P. 10(a).

## I.    BACKGROUND

On February 13, 2025, Plaintiff filed a Complaint under the pseudonym John Doe, asserting claims under the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. § 3901 *et seq.*, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and Virginia law. (ECF No. 1-1.) Plaintiff alleged that Defendant Village Capital & Investment LLC ("Defendant") "failed to retroactively apply the mandatory interest rate reduction from Plaintiff's active-duty service commencement," that "Defendant issued foreclosure threats against Plaintiff" and that Defendant harassed Plaintiff and his family. (*Id.* at 5.) Plaintiff further alleged that "Defendant reported inaccurate and misleading information concerning Plaintiff's mortgage to credit reporting

agencies," in violation of the FCRA. (*Id.* at 6.) On February 13, 2025, Plaintiff also filed the instant Motion, requesting to proceed under the pseudonym John Doe "to protect his privacy and personal security." (ECF No. 1 at 1.)

On February 18, 2025, the Court issued an Order, directing Plaintiff to file a memorandum in support of the Motion. (ECF No. 2.) The Court noted that Rule 10(a) requires that the title of a complaint include the names of all parties, but that parties may proceed under pseudonyms under "extraordinary circumstances." (*Id.* at 2 (first citing Fed. R. Civ. P. 10(a); and then citing *Doe v. Pub. Citizen*, 749 F.3d 246, 273–74 (4th Cir. 2014)).) As directed, on February 21, 2025, Plaintiff filed a memorandum in support of his Motion. (ECF No. 3.)

On February 18, 2025, Plaintiff filed an Amended Complaint, in which he brings claims under the SCRA, FCRA and Virginia law. (ECF No. 1-6.) Plaintiff alleges that he received official orders activating him for military duty on July 3, 2024, thereby triggering Defendant's obligation to reduce his interest to 6 percent per annum. (*Id.* at 4.) Like his original complaint, the Amended Complaint alleges that Defendant failed to apply the mandatory interest rate despite receiving timely notice, issued foreclosure threats and reported inaccurate and misleading information concerning Plaintiff's mortgage to credit reporting agencies. (*Id.* at 5–6.)

## II.   ANALYSIS

Federal Rule of Civil Procedure 10(a) requires that the title of a complaint include the names of all parties. As the Fourth Circuit explained, "[t]his requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *B.R. v. F.C.S.B.*, 17 F.4th 485, 496 (4th Cir. 2021); *see also Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) ("Identifying the parties to the proceeding is an important dimension of publicness. The people

have a right to know who is using their courts."). Recognizing that "[p]seudonymous litigation undermines the public's right of access to judicial proceedings," the Fourth Circuit has held that "when a party seeks to litigate under a pseudonym, a district court has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Doe v. Pub. Citizen*, 749 F.3d 246, 273–74 (4th Cir. 2014).

In *James v. Jacobson*, 6 F.3d 233 (4th Cir. 1993), the Fourth Circuit identified the following nonexclusive factors for district courts to consider when determining whether a party should be permitted to litigate pseudonymously:

> [W]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent nonparties; the ages of the person whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* at 238. The Fourth Circuit emphasized, however, that proceeding by pseudonym constitutes a "rare dispensation." *Id.* Here, the Court finds that Plaintiff fails to identify any exceptional circumstances that justify the use of a pseudonym in these proceedings.

The Court focuses its analysis on the three relevant *Jacobson* factors: the first, second and third. As to the first *Jacobson* factor, Plaintiff's claims under the SCRA, FCRA and Virginia law do not present a matter of sensitive and highly personal nature. *See, e.g., Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001) (recognizing that courts "have pointed to abortion as the paradigmatic example of the type of highly sensitive and personal matter that warrants a grant of anonymity"); *B.R. v. F.C.S.B.*, 17 F.4th at 493 (allowing plaintiff to use a pseudonym where she alleged repeated sexual abuse as a seventh-grade

3

student). Plaintiff argues that "national security implications" require pseudonymity in this case. (ECF No. 3 at 8.) However, revealing Plaintiff's identity will not "compromise his military status" or "the security of impending military operations." (*Id.*) Based on the nature of Plaintiff's claims, the Court finds no concern related to personal privacy or confidentiality that warrants pseudonymity.

The second *Jacobson* factor — whether identification poses a risk of retaliatory physical or mental harm to the requesting party or to innocent nonparties — also weighs against pseudonymity. Plaintiff asserts that Defendant placed "undue emotional and psychological strain" on his family by issuing "distressing foreclosure notices" and "vague occupancy verification notices." (*Id.* at 10.) Notably, Defendant appears to be aware of Plaintiff's identity, and Plaintiff does not present any risk of harm by revealing his identity to the public. *Cf. Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981) (anonymity warranted to protect minor plaintiffs against risk of violence from revelation of unpopular personal beliefs). Accordingly, the second factor weighs against permitting Plaintiff to litigate pseudonymously.

The Court also finds that the third *Jacobson* factor supports denial of Plaintiff's motion to proceed under a pseudonym. Plaintiff argues that pseudonymity is necessary to protect the interests of his minor children. (ECF No. 3 at 10–11.) However, Plaintiff — not his minor children — constitutes the service member eligible for protection under the SCRA. Because pseudonymity only protects Plaintiff's privacy interests, and not those of any minor, the third factor weighs against allowing Plaintiff to litigate his claims under a pseudonym. *Cf. Smith v. Edwards*, 175 F.3d 99, 99 n.1 (2d Cir. 1999) (employing pseudonyms "[f]or the sake of the privacy" in a case involving the sexual abuse of a three-year-old).

4

In sum, after balancing Plaintiff's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party, the Court finds a lack of extraordinary circumstances supporting such a request. *Doe v. Pub. Citizen*, 749 F.3d at 273–74.

### III.   CONCLUSION

For the reasons stated above, the Court hereby DENIES Plaintiff's Motion (ECF No. 1). No later than March 7, 2025, Plaintiff must file a Second Amended Complaint, including the names of himself and all other parties in the title of the complaint, if he wishes to proceed with this action. *See* Fed. R. Civ. P. 10(a). The Court notes that Plaintiff has filed a motion for a temporary restraining order. (ECF No. 4 ("TRO Motion").) The Court will not consider his TRO Motion until Plaintiff files a Second Amended Complaint. The failure to strictly comply with the Court's directive and with applicable rules will result in DISMISSAL of this action for failure to prosecute under Federal Rule of Civil Procedure 41(b).

Let the Clerk file a copy of this Order electronically and send a copy to Plaintiff at his address of record.

It is so ORDERED.

_____/s/_____
David J. Novak
United States District Judge

Richmond, Virginia
Date: February 25, 2025