IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

JOHN DOE,
     Plaintiff,

v.                                                                                                    Civil No. 3:25cv118 (DJN)

VILLAGE CAPITAL & INVESTMENT LLC,
     Defendant.

## ORDER
**(Denying Without Prejudice Motion for Temporary Restraining Order)**

This matter comes before the Court on Plaintiff John Doe's ("Plaintiff") Motion for

Temporary Restraining Order. (ECF No. 4 ("TRO Motion").) On February 25, 2025, the Court

issued an Order denying Plaintiff's Motion to Proceed Under a Pseudonym. (ECF No. 6.) The

Court directed Plaintiff to file a Second Amended Complaint using his real name by March 7,

2025, if he wished to proceed with this action. (*Id.*) In accordance with that Order, the Court

hereby DENIES WITHOUT PREJUDICE Plaintiff's TRO Motion (ECF No. 4) and DIRECTS

Plaintiff, to the extent that he still seeks the relief requested within the Motion, to file an updated

TRO Motion using his real name. Furthermore, if Plaintiff seeks for the Court to consider any

such motion *ex parte*, without notice to Defendant, he must satisfy Federal Rule of Civil

Procedure 65(b)(1), which states the following:

> The court may issue a temporary restraining order without written or oral notice to
> the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate
> and irreparable injury, loss, or damage will result to the movant before the adverse
> party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and
> the reasons why it should not be required.

Fed. R. Civ. Pro. 65(b)(1); *see also Jones v. H.S.B.C. (USA)*, 844 F. Supp. 2d 1099, 1100 (S.D. Cal. 2012) (noting that "[c]ourts have recognized very few circumstances justifying the issuance of a TRO without notice, particularly where notice could have been given to the adverse party" and stating that *ex parte* motions for restraining orders should be heard "only in extraordinary circumstances").

Let the Clerk file a copy of this Order electronically and send a copy to Plaintiff at his address of record.

It is so ORDERED.

_____/s/_____

David J. Novak
United States District Judge

Richmond, Virginia
Dated: February 25, 2025