IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

JORRIOD MOORE,
    Plaintiff,

v.                                                                               Civil No. 3:25cv118 (DJN)

VILLAGE CAPITAL & INVESTMENT LLC,
    Defendant.

## ORDER
### (Denying *Ex Parte* Temporary Restraining Order)

This matter comes before the Court on Plaintiff Jorriod Moore's ("Plaintiff") Second Motion for Temporary Restraining Order (ECF No. 9 ("Second TRO Motion")) and Certification Efforts to Notify Defendant and Justification for *Ex Parte* TRO (ECF No. 9-27). For the reasons set forth below, the Court DIRECTS Plaintiff to effectuate service of process and notify the Court when Defendant has been served.

On February 25, 2025, the Court issued an Order denying without prejudice Plaintiff's first TRO Motion (ECF No. 4) and directed Plaintiff to file an updated TRO Motion using his real name, if he still sought relief. (ECF No. 7.) The Court notified Plaintiff that any motion for an *ex parte* temporary restraining order must satisfy Federal Rule of Civil Procedure 65(b)(1). On February 26, 2025, Plaintiff filed the instant Motion, asking the Court to issue a temporary restraining order without notice to Defendant. (*See* ECF. No. 9-27 (setting forth justifications for an *ex parte* TRO).)

A motion for an *ex parte* temporary restraining order stands subject to the requirements of Federal Rule of Civil Procedure 65(b)(1), which provides that:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1); *see also Jones v. H.S.B.C. (USA)*, 844 F. Supp. 2d 1099, 1100 (S.D. Cal. 2012) (noting that "[c]ourts have recognized very few circumstances justifying the issuance of a TRO without notice, particularly where notice could have been given to the adverse party" and stating that *ex parte* motions for restraining orders should be heard "only in extraordinary circumstances").

Here, Plaintiff fails to meet both requirements. First, although Plaintiff alleges a "risk of foreclosure," he does not allege any active foreclosure proceedings against Plaintiff's property. Accordingly, Plaintiff cannot demonstrate that an immediate and irreparable injury will result before Defendant can be heard. Second, although Plaintiff has been corresponding with Defendant for the past six months in an effort to resolve this matter, he has not demonstrated any efforts to give notice to Defendant of the instant lawsuit. As such, it would be improper for the Court to issue a temporary restraining order without written or oral notice to Defendant.

Because Plaintiff cannot meet the requirements of Rule 65(b)(1), the Court DIRECTS Plaintiff to effectuate service of process and notify the Court when Defendant has been served.

Let the Clerk file a copy of this Order electronically and send a copy to Plaintiff at his address of record.

It is so ORDERED.

_____/s/_____
David J. Novak
United States District Judge

Alexandria, Virginia
Dated: February 28, 2025